FILED

17 AUG -1 PM 3:24

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: AjS    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SIMBA MAKONI,<br><br>Plaintiff,<br><br>vs.<br><br>COMMANDER EDWIN SCHROEDER, et al.,<br><br>Defendants. | Case No. 3:16-cv-02497-BEN-PCL<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDERS REQUIRING AMENDMENT** |

ROBERT SIMBA MAKONI ("Plaintiff"), proceeding pro se, and while detained at the Vista Detention Facility ("VDF") in Vista, California, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 in October 2016 (ECF No. 1). Plaintiff claimed that while he was in their custody, VDF officials failed to address his medical needs, threatened him when he complained, and segregated him based on race. (*Id.* at 7-14.)

**I.  Procedural Background**

On December 19, 2017, the Court denied Plaintiff's motions seeking injunctive relief, appointment of counsel, and his initial request to proceed in forma pauperis ("IFP"), but granted him leave to either prepay the civil filing fee required by 28 U.S.C. § 1914(a), or file a renewed, properly supported IFP Motion (ECF No. 6).

Plaintiff filed a renewed IFP Motion (ECF No. 7), and on February 28, 2017, the Court granted Plaintiff leave to proceed IFP, but dismissed his Complaint sua sponte for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) (ECF No. 8).

In its February 28, 2017 Order, the Court informed Plaintiff of his various pleading deficiencies, and granted him 45 days leave in which to file an Amended Complaint in order to fix them. *Id.* at 4-13; *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (unless it is clear the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to notice of their pleading deficiencies and an opportunity to amend prior to the dismissal of an action); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc).

After the deadline for amendment elapsed, Plaintiff requested an extension of time in which to amend (ECF No. 10). On May 5, 2017, the Court granted Plaintiff's request, and directed him to amend no later than May 26, 2017. *See* ECF No. 11 at 1-2.

Five months have passed since the Court first dismissed Plaintiff's Complaint, and two more have passed since Plaintiff's extension of time expired. But he has yet to file an Amended Complaint, or to request another extension of time in which to do so.

"If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action." *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005). "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without further leave to amend based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and his failure to

///

prosecute pursuant to FED. R. CIV. P. 41(b) in compliance with the Court's February 28, 2017 and May 5, 2017 Orders (ECF Nos. 8, 11).

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: 7/31/2017

HON. ROGER T. BENITEZ
United States District Judge